IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAN SIMMONS,                         :
          Plaintiff,                  :
     v.                               :    Case No. 3:09-cv-36-KRG-KAP
JOHN YOST, WARDEN, F.C.I.             :
LORETTO, et al.,                      :
          Defendants                  :

Report and Recommendation

Recommendation

Defendants' motion to dismiss or for summary judgment, docket no. 20, should be granted and the complaint dismissed.

Report

Plaintiff, a Canadian national, is serving a 168 month sentence imposed by the District of Vermont in March 2002, and was incarcerated at F.C.I. Loretto for four months of that sentence between April and August of 2008. He filed a complaint in the Middle District of Pennsylvania, which transferred the matter to this court, alleging generally that the conditions he experienced at Loretto were a violation of the Eighth Amendment. Plaintiff later amended the complaint to attempt to add new defendants. I have already recommended that no service be made on the defendant American Corrections Association because the amended complaint fails to state a claim against it. The remaining six defendants, John Yost, Mark Miller and Dennis Brandt at F.C.I. Loretto; Scott Dodrill and Harley Lappin, administrative officials of the Bureau of Prisons; and the United States, all move to dismiss the

complaint or for summary judgment on a variety of grounds, only two of which are necessary to address here.

First, the complaint fails to state a colorable claim as to any defendant except corrections officer Miller. On April 18, 2008, while taking plaintiff to the RHU, Miller allegedly pulled plaintiff's hands over his head while they were handcuffed together behind plaintiff's back and caused severe injury to plaintiff's left shoulder. Plaintiff alleges that the use of force was malicious and merely for the wanton infliction of pain. See Whitley v. Albers, 475 U.S. 312, 321-22 (1986).

As for the balance of plaintiff's complaint and the alleged liability of the other defendants, plaintiff completely fails to allege **facts** which would permit liability to be imposed on any defendant. In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court advised lower federal courts that in construing the adequacy of a complaint under Fed.R.Civ.P. 8, a court:

"... can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."
id., 129 S.Ct. at 1950.

Plaintiff's amended complaint discusses at length why he believes the prison was inadequate, but his complaints begin and end with the allegation that the prison was overcrowded and that this degraded the food service, television viewing, and living space

2

available to him. Plaintiff alleges no harm as a result of the prison's overcrowding, except to the extent it caused him to fail to get adequate sleep, which caused him to be verbally abusive toward staff on April 18, 2008, which caused him to be issued a disciplinary sanction. Amended Complaint, ¶¶ 51-52. The plaintiff's elaborate complaint about the lack of adequate facilities ending with the assertion that as a result plaintiff violated the prison's rules is even less adequate to state a claim than a complaint about conditions ending in the bare assertion "defendant is liable to plaintiff" would be. Plaintiff cannot allege that defendants are legally liable for his violation of prison rules, and aside from plaintiff's allegation that he also was injured because he went on a hunger strike to protest prison conditions (which suffers from the same legal flaw), plaintiff alleges no other injury.

Second, as to the complaint against Miller and as to any other attempted complaint, plaintiff failed to exhaust administrative remedies before filing suit. Exhaustion of a prison system's administrative remedy procedures is mandatory before an inmate files a federal lawsuit, because the Prison Litigation Reform Act of 1996 amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.§ 1997e(a), to state:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion of remedies requirement is satisfied by substantial compliance with an existing remedial scheme, see Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir.2000), but exhaustion of remedies by an inmate must take place before filing suit regardless of the adequacy of the administrative process. Booth v. Churner, 532 U.S. 731, 734 (2001). Failure to exhaust administrative remedies in accordance with the prison's requirements constitutes procedural default barring a subsequent civil claim in federal court. Woodford v. Ngo, 548 U.S. 81 (2006).

It is defendant's burden to plead nonexhaustion as a defense and to prove that plaintiff did not exhaust the remedies available under that system. Jones v. Bock, 549 U.S. 199 (2007). There can be no dispute that the Bureau of Prisons has an administrative remedy procedure[1], 28 C.F.R.§ 542.10 et seq., which requires inmates to attempt informal resolution of complaints about prison conditions before filing a request for administrative remedy. 28 C.F.R.§ 542.13(a). If an inmate is unable to resolve his complaint informally he may file a formal written complaint (Form BP-9) within 20 calendar days of the date on which the basis for the complaint occurred. 28 C.F.R.§ 542.14(a). The inmate must

---

1. Plaintiff arguably attempts to proceed under the Federal Tort Claims Act against the United States, and the FTCA has a separate administrative claim procedure. However, plaintiff has not filed any administrative claim with the Bureau of Prisons under this procedure either. See Defendant's Brief, docket no. 21, Exhibit 1, Vanessa Herbin-Smith Declaration at ¶11.

4

sign and date the request and submit it to the institution staff member designated to receive such requests (ordinarily a counselor). 28 C.F.R.§ 542.14(c)(4). The warden has 20 calendar days in which to respond. 28 C.F.R.§ 542.18. An inmate who is not satisfied with the warden's response may submit an appeal (Form BP-10) to the appropriate Regional Director within 20 calendar days from the date the warden signed the response. 28 C.F.R.§ 542.15(a). The Regional Director has 30 calendar days to respond. 28 C.F.R.§ 542.18. An inmate dissatisfied with the Regional Director's response may appeal to the General Counsel (Form BP-11) within 30 calendar days from the date the Regional Director signed the response. 28 C.F.R.§ 542.15(a). The General Counsel has 40 calendar days to respond. 28 C.F.R.§ 542.18. An appeal to the General Counsel is the final administrative appeal.

Defendant's evidence indicates that despite filing several administrative grievances or appeals in every other year between 2003 and 2009, in 2008 plaintiff filed only one appeal to the Northeast Regional Director, on July 31, 2008. That appeal, No. 505453-R1, was interpreted by the Bureau of Prisons to complain about staff members smoking in plaintiff's presence or plaintiff's confinement in the RHU after a disciplinary hearing, and was rejected on August 22, 2008, with a request for more information. Plaintiff never provided further information or filed a final appeal to the Bureau of Prisons' General Counsel. See Defendant's

5

Brief, docket no. 21, Exhibit 1, Vanessa Herbin-Smith Declaration at ¶¶ 6-8, 11, and documents at Exhibit 1b and Exhibit 1c. Plaintiff alleges that he filed a BP-9 and subsequently a BP-10 and BP-11 beginning on April 25, 2008, but all of these went unanswered. Plaintiff has no copy of any of these grievances or appeals because he was denied access to a copier. Amended Complaint, ¶¶ 19-21. Plaintiff's amended complaint implies that these grievances were related to his complaints about overcrowding. Plaintiff also alleges that he filed a "sensitive issue complaint" on April 8, 2008, Amended Complaint ¶ 64, that is, upon plaintiff's arrival at the prison and ten days before the alleged incident with Miller.

Plaintiff's bald allegations that he filed administrative grievances does not create a genuine dispute of fact: it is improbable that the Bureau of Prisons should so scrupulously record every filing by plaintiff except the ones plaintiff does not have copies of, and if in fact the plaintiff attempted to file a grievance and was thwarted by the obstruction of the Bureau of Prisons, that obstruction itself should be the subject of an exhausted grievance. The complaint should be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: October 19, 2009

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Alan Simmons, Reg. No. 04778-082
F.C.I. Petersburg - Medium
P.O. Box 1000
Petersburg, VA 23804